**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gaye Nell Watkins,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Denis McDonough, et al.,<br><br>　　　　Defendants. | No. CV-24-00126-TUC-CKJ<br><br>**ORDER** |

　　　　On June 10, 2024, the Court notified Plaintiff that this action was subject to dismissal under Federal Rule Civil Procedure, Rule 4(m), for failure to serve the Complaint within 90 days of it being filed in this Court and subject to dismissal for lack of prosecution. The Court gave Plaintiff an opportunity to show cause why the case should not be dismissed and warned that failure to do so would result in dismissal of the case without further notice. (Order to Show Cause (OSC) (Doc. 6)). On June 28, 2024, Plaintiff filed a Response to the OSC. She includes copies of service documents which reflect that she served the Summons and Complaint on Defendant Scott MacMillan at his place of employment, the Arizona Department of Veterans' Services, 6500 E. Indian School Rd, Building 24, Phoenix, Arizona. She has not served Defendant Denis McDonough, the United States Secretary of Veterans' Affairs, or the United States.

　　　　In her Response the Plaintiff asks the Court to appoint her counsel because she cannot afford to hire an attorney. The Court notes that she filed the Complaint without

seeking to proceed *in forma pauperis* and paid the full filing fee. For indigent litigants, having *in forma pauperis* status, the Court may order filing fees waived and direct the United States Marshal to serve the Complaint and Summons.

There is no constitutional right to the appointment of counsel in a civil case. *See, Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304, 307 n. 6 (8th Cir. 1981). In a civil case, appointment of counsel is required only when exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1915(e)(1), the Court has limited discretion to grant a request to appoint an attorney to represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), and may exercise this discretion only under "exceptional circumstances," *id.; see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of a plaintiff to articulate her claims *pro se*[1] in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331 (9th Cir. 1986); *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009).

The Plaintiff's Complaint (Doc. 1) demonstrates neither the likelihood of success nor the legal complexity required to support the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). The representations in the Complaint and arguments in the Response to the OSC reflect that while Plaintiff may not be formally trained in the law, she is fully capable of legibly articulating the facts and circumstances relevant to her claims which are not legally "complex." *Agyeman*, 390 F.3d at 1103. Her limitations, which relate primarily to her inability to hire an attorney and inferences that she lacks legal expertise, are the norm rather than an "exceptional circumstance" in *pro se* civil rights cases. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked

---

[1] *Pro se* means a self-represented litigant.

a legal education). Therefore, the Court finds no "exceptional circumstances" currently exist and will deny Plaintiff's request for appointment of counsel.

After reviewing the Plaintiff's Complaint, the Court finds no likelihood of any success on the merits because as currently presented it fails to state any claim for relief. The Complaint alleges causes of action under Title VII of the Civil Rights Act from intentional employer discrimination, violations of the Rehabilitation Act and accommodations that caused injury to the Plaintiff. It references further discussions in attachments 3 and 4 which have not been attached to the Complaint filed in the record. (Complaint (Doc. 1) at 3.)

For the statement of the claims, Plaintiff fails to show how either Defendant was involved and what each of them did that caused her harm or violated her rights. She claims that while employed as a medical records clerk, she experienced disparate training and work assignments and was denied/removed from overtime. She also received a poor performance evaluation on November 19, 2019. In her Response to the OSC, Plaintiff alleges she is a Black female, a factual allegation that would support a claim of discrimination, but which was not included in the Complaint. *Id.* at 6.

Scott MacMillan is with the Office of Legal Counsel for the Veterans' Affairs in Phoenix, Arizona, according to the Complaint. It is not clear whether Plaintiff intends to name him as a Defendant or served him believing he represents the other Defendant named in the action, Denis McDonough, Secretary of Veterans' Affairs. The statement of claims fails to allege any facts linking either of these named Defendants to any of the conduct alleged in the statement of claims.

The sovereign immunity of the United States government is firmly established. The United States and its federal agencies may not be sued unless federal legislation specifically and expressly authorizes it. *United States v. Lee,* 106 U.S. 196, 205 (1882); *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Fair Labor Standards Act (FLSA) governs overtime and provides remedial provisions for back pay, *Adams v. United States*, 48 Fed.Cl. 602, 609

(2001); the FLSA waives sovereign immunity, *Dep't of Treasury-I.R.S. v. Fed. Lab. Rels. Auth.*, 521 F.3d 1148, 1155 (9th Cir. 2008).

Plaintiff's discrimination claims brought under Title VII require exhaustion of administrative remedies with the EEOC or a state agency authorized to resolve such claims, and exhaustion is a mandatory prerequisite but non-jurisdictional. *Fort Bend County v. Davis*, 587 U.S. ––––, 139 S. Ct. 1843, 1851–52 (2019). Failure to exhaust administrative relief and receive a Right to Sue notice from the EEOC may result in dismissal of Title VII, discrimination claims under Fed. R. Civ. P. 12(b)(6), not under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *Id., see also Daniels v. Donahoe,* 901 F.Supp.2d 1238, 1245 (D. Haw. 2012). In other words, exhaustion of administrative remedies is a "precondition" to bringing a civil action for discrimination, and this means that it is Plaintiff's burden to plead and prove timely exhaustion of administrative remedies. *Reynoso v. Cnty. of Ventura*, No. 2:19-CV-05687-KES, 2022 WL 2092909, at *5 (C.D. Cal. Mar. 8, 2022).

The Court must dismiss a claim as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." While it will presume all allegations of material fact to be true and draw all reasonable inferences in favor of the Plaintiff, the Court finds no factual allegations in the Complaint to support, even by inference, that the precondition for bringing her discrimination claims exists. She does not allege that she timely filed an EEOC administrative claim and has obtained a Right to Sue letter from the EEOC.

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 554.) Whether a complaint states a plausible claim for relief is "context-specific," and such a determination "requires the reviewing court to draw on its judicial experience and common sense." Id. (citing *Twombly*, 550 U.S. at 555).

As filed the Complaint fails to state a claim against either Defendant or the United States Department of Veterans' Affairs as required under Fed. R. Civ. P. 8(a)(2). The federal courts are courts of limited jurisdiction and may only adjudicate those cases over which they have subject matter jurisdiction. *Kikkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). Section 1915(e) provides for dismissal of a Complaint at any time if the Court determines that the action fails to state a claim on which relief can be granted. Legal frivolousness exists and justifies dismissal under § 1915(e) where a complaint is based on "an indisputably meritless legal theory...[such as] claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist...." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Based on the allegations in Plaintiff's Complaint, the Court believes it must be dismissed under Fed. R. Civ. P. 8(a)(2) because it fails to show that Plaintiff is entitled to relief.

"District judges have no obligation to act as counsel or paralegal to *pro se* litigants" because this would undermine district judges' role as impartial decisionmakers. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez v. Smith*, 203 F.3d 1122, 1131, n.13 (9th Cir. 2000) (declining to decide whether the court was required to inform a litigant of pleading deficiencies under the PLRA, but noting that the pro se litigant, unskilled in the law, is far more prone to making errors in pleading than the person who has the benefit of being represented by counsel) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). So, while the Court may not serve as advocate for the *pro se* litigant nor act as legal advisor, the Court has explained the pleading deficiencies and affords the Plaintiff, acting *pro se,* an opportunity to amend the Complaint. *Id.* at 1448.

The Amended Complaint must comport with Rule 8 of the Federal Rules of Civil Procedure which provides that the pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.8(a)(2). The purpose of Rule 8 is to prevent vague and ambiguous claims and ensure that defendants will be able to frame a responsive pleading.

In drafting the Amended Complaint, the Plaintiff must include sufficient factual details so that this Court can determine each claim existing against each Defendant. The Plaintiff must refer by name to particular Defendants, whenever possible, in the body of the Amended Complaint, so that it is possible to determine which Defendant is being charged with responsibility for each particular grievance. *Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968).

Plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554. At the pleading stage, the Plaintiff must allege enough facts, if taken as true, to suggest that a claim for relief exists. This does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claim. *Id*. at 557. For example, to state a claim of discrimination the Amended Complaint must include a factual allegation that the Plaintiff is a member of a protected class, such as being a Black female or a disabled person.

"[F]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Id*. at 556. Dismissal will be appropriate if the facts alleged in the Amended Complaint do not state a claim that is "'plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**Accordingly,**

**IT IS ORDERED** that the Motion for Appointment of Counsel (Doc. 7) is DENIED.

**IT IS FURTHER ORDERED** dismissing the Complaint, *sua sponte*.

**IT IS FURTHER ORDERED** that Plaintiff has leave to file an Amended Complaint by August 5, 2024.

**IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT. The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant. THE AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Local Rule 7.1(c).

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, she must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (local rules). Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Additionally, Plaintiff must serve upon Defendants or upon their counsel, a copy of every further pleading submitted to the Court. Plaintiff shall include a certificate stating the date a true and correct copy of any document was mailed to each Defendant or their counsel. The Court will disregard any document which has not been filed with the Clerk or which fails to include a Certificate of Service.

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, she may seek *in forma pauperis* status and apply for service of her Amended Complaint to be made by the United States Marshal. 28 U.S.C. § 1915(d). Appropriate forms and instructions for proceeding without prepayment of costs, i.e., *in forma pauperis,* and proceeding *pro se* can be found at www.azd.uscourts.gov under the tab

1  "Self-Represented Litigants" which is half-way down in the center of the home page.
2  Under this tab, Plaintiff will find a copy of the *Handbook for Self-Represented Litigants*,
3  and a tab for "Forms for Self-Represented Litigants," including the *Application to*
4  *Proceed without Prepayment of Costs*. Another tab at the top of the web-page, "Rules,
5  General Orders & Forms" includes links to the Federal Rules of Civil Procedure and
6  Local Rules for this Court. The "E-Filing" tab includes a copy of the *Administrative*
7  *Policy and Procedures Manual*. The "Self-Represented Litigants" tab includes
8  information about a Tucson clinic offering "Federal Court Advice-Only."

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to Plaintiff, if she fails to file the Amended Complaint by **August 5, 2024**.

Dated this 3rd day of July, 2024.

_____
Honorable Cindy K. Jorgenson
United States District Judge