1    **WO**

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8    Gaye Nell Watkins,                    )
9                                          )
            Plaintiff,                     )
10   v.                                    )        No. CIV 24-126-TUC-CKJ
                                           )
11   Douglas A. Collins, Secretary of      )        **ORDER**
     Veterans Affairs,                     )
12                                         )
            Defendant.                     )
13   _____)

14          On March 27, 2025, this Court dismissed with leave to amend the complete Amended

15   Complaint (Doc. 12) and the claims contained therein.  Plaintiff Gaye Nell Watkins

16   ("Watkins") has filed a Second Amended Complaint (Doc. 14) against Defendant Douglas

17   A. Collins, Secretary of Veterans Affairs ("the SVA").[1]

18

19   I. *Procedural History*

20          On March 4, 2024, Watkins filed a Complaint for a Civil Case against Denis

21   McDonough/Collins, Secretary of Veterans Affairs, alleging causes of action under Title VII

22   of the Civil Rights Act for intentional employer discrimination, and under the Rehabilitation

23   Act for accommodations that caused injury to Plaintiff.  On July 8, 2024, this Court issued

24   an Order *sua sponte* dismissing the Complaint with leave to amend.  *See* Fed.R.Civ.P.

25   12(b)(6); *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023), *citing Omar v. Sea–Land*

26

27   _____

28          [1]Douglas A. Collins, is substituted for Denis McDonough, as the current Secretary of
     Veterans Affairs.  Fed.R.Civ.P. 25(d).

*Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). [Citation omitted.]  Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

In its dismissal order, the Court discussed procedural requirements (e.g., exhaustion of administrative relief), pleading requirements (e.g., short and plain statement of claims showing pleader is entitled to relief; sufficient factual allegations rather than conclusory statements), and claim requirements (e.g., causal link between a defendant and alleged conduct).

Watkins subsequently filed an amended complaint, but contemporaneously stated it was incomplete and requested additional time to file a completed Amended Complaint; the Court granted the request.  On February 10, 2025, Watkins filed her completed Amended Complaint.  The Court dismissed with leave to amend the Amended Complaint.  Generally speaking, the Court determined Watkins had stated claims, but failed to name any Defendant. Watkins filed her Second Amended Complaint ("SAC") (Doc. 14) on April 28, 2025.

II.  *Second Amended Complaint and Factual Summary*

Naming "Denis McDonough, Succeeded by Doug Collins, Secretary of Veteran's Affairs," as Defendant ("the SVA" or "McDonough/Collins"), Watkins purports to state discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender)), the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12112 to 12117) (arthritis), and the Fair Labor Standards Act (29 U.S. Code §§ 201-219), with the discriminatory conduct being unequal terms and conditions of her employment, retaliation, and falsification of official time card and personnel file loss/delay. Watkins also alleges intentional infliction of emotional distress.

Watkins also names Mark Dycus ("Dycus"), Supervisor, Records Unit, Laurie Thompson, ("Thompson") Chief, Health Information Management Services, and Katie Landwehr ("Landwehr"), Assistant Director, SAVAHCS, as Defendants.  As to the Title VII claims by a federal employee, the only appropriate defendant is the head of the department,

1    agency, or unit, as appropriate, in his or her official capacity.  *Cooper v. U.S. Postal Service*,

2    740 F.2d 714, 715–16 (9th Cir.1984).  The Ninth Circuit makes clear a federal employee

3    pursuing a Title VII claim against the government is "precluded from asserting

4    discrimination claims against individual federal employees who may have participated in the

5    case." *Williams v. United States General. Servs. Admin.*, 905 F.2d 308, 311 (9th Cir.1990);

6    *see also Holly D. v. California Institute of Technology*, 339 F.3d 1158, 1179 (9th Cir. 2003)

7    (affirming the district court's grant of summary judgment in favor of an individual defendant

8    because "[w]e have consistently held that Title VII does not provide a cause of action for

9    damages against supervisors or fellow employees").  Similarly, the Ninth Circuit has

10   determined that the appropriate defendant in a suit alleging retaliation or discrimination

11   under the ADEA is one who can properly be named a defendant in a Title VII action.  *See*

12   *Tijerina v. Dalton*, 139 F.3d 908 (9th Cir. 1998) (retaliation claim properly dismissed against

13   individual federal employees); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir.1986) (the

14   identification of the proper defendant in Title VII discrimination actions "also applies to age

15   discrimination claims brought under the ADEA").  As to the FSLA claims, suits are generally

16   made against the United States or the head of a department/agency.  *See e.g. Farzam v.*

17   *United States*, No. 13-075C, 2013 WL 5819273, at *1 (Fed. Cl. Oct. 29, 2013); *Kinlocke v.*

18   *McDonough*, No. 122CV01490WMRRGV, 2023 WL 6614446, at *1 (N.D. Ga. Feb. 21,

19   2023), *report and recommendation adopted*, No. 122CV01490WMRRGV, 2023 WL

20   6614444 (N.D. Ga. May 17, 2023), *appeal dismissed sub nom. Kinlocke v. Sec'y, U.S. Dep't*

21   *of Veterans Affs.*, No. 23-13224-B, 2023 WL 10553973 (11th Cir. Nov. 17, 2023).

22          The Court finds McDonough/Collins, as the Secretary of Veterans Affairs, is the

23   appropriate defendant as to the federal claims and will dismiss these claims against Dycus,

24   Thompson, and Landwehr as Defendants.

25          In her SAC, Watkins alleges:

26   - Unfair Performance Evaluation:
              White Female given Satisfactory Rating, volume 3953 in 12 months;
27            Gaye given Needs Improvement Rating, volume 6923 for same period.

28

- Failure to Promote:  Employee currently doing job requirements, told not eligible because I had not been performing them for 1 year.
    (a) 1-year requirement not on Vacancy Announcement,
    (b) tasks had been performed by employee for years as the noncritical portion of previous job.

- Avoidance:  Ignored request for Ergonomic Evaluation that led to severe neck and shoulder damage.

- Retaliation: Denial of Overtime; Further Disparate Training and Treatment; Denied Alternative Work Schedule requested for shoulder treatment, while giving other's Alternative Work Schedule because they wanted it.  Falsification of official time record and creation of false documents to distort facts.

SAC (Doc. 14, ECF p. 5).  Watkins states the dates of the alleged discrimination are July 24, 2019, August 19, 2019, September 1, 2019, November 1, 2019, November 8, 2019, January 5, 2020 – January 20, 2020, April 20, 2020, and May 15, 2020.  The SAC form includes a statement by Watkins that additional information is attached.

On the page which indicates the facts are continued, Watkins quotes 42 U.S. Code § 2000e-2(a) setting forth unlawful employment practices.  SAC Attachment (Doc. 14, ECF p. 6).  The document then states:

Plaintiff, Gaye Nell Watkins, a black, female, age 61, is a member of a protected class who was subjected to unlawful employment practices as an employee of Southern Arizona Veterans Affairs Health Care Services (SAVAHCS)

Complaint is for:

1. Toxic work environment cultivated at Veterans Affairs presented unacceptable risks in the areas of
    A. Safety-Ignoring problems of 1. threats of physical violence; and 2. employee accommodations.
    B. Wellness--Morale/Productivity Issues as a result of disparate training and work assignments.
    C. Effectiveness-1. Avoidance (unanswered requests for assistance) 2. Gaslighting (Changing submitted information to create false narratives) and 3. Falsification of official documentation (a criminal offense).

2. Intentional infliction of emotional distress through disparate training and work assignments, and other retaliatory acts (denial of overtime; invalid promotion disqualification) acting in contempt by not providing requested Discovery information and the falsification of and delay in return of my official personnel file, thereby delaying accurate calculation of my annuity.

3[.] Falsification of official documents:  Charged for Away without Leave when at work; Additional retaliation included generation of a fake metrics form that did not include the inpatient records to count employee productivity.

- 4 -

\* \* \* \* \*

> Please find attached a copy of the Notice to Employees Required Posting, 10/30/2019, posting of discrimination to which Laurie Thompson's response to my inquiry regarding disparate work assignments in November 2019, was "if Inpatient Records is where you are assigned it is because that is where I want you assigned," is an unfair employment practice[.]

*Id*. at ECF pp. 6-7. The Notice to Employees ("Notice") attached by Watkins states, *inter alia*, the "Department of Veterans Affairs SAVAHCS supports and will comply" with Federal law [that] requires that there [be] no retaliation against any applicant, transfer applicant, or employee for engaging in protecting EEO activity." *Id*. at ECF p. 7. The Notice also states Department of Veterans Affairs SAVAHCS "will not retaliate against Individuals because they have exercised their rights under law" and "will ensure that officials responsible for personnel decisions and terms and conditions of employment will abide by the requirements of all federal equal employment opportunity laws and will not retaliate against employees who file EEO complaints." *Id*. Watkins states she filed a charge with the Equal Employment Opportunity Commission/counselor on September 12, 2020.

Watkins seeks compensatory damages for physical, mental/emotional, and financial injuries.

III. *Requirements of Complaint; Allegations Stating Claims on Which Relief May be Granted*

As the Court previously stated, a "complaint is to contain a 'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" March 27, 2025, Order (Doc. 13), *quoting* Fed.R.Civ.P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s). Failure to name potential defendants or sufficient facts to advise a defendant of the claim(s) may result in no claim(s) being presented against a defendant.

The Court's March 27, 2025, Order also advised Watkins a plaintiff must allege

"enough facts to state a claim to relief that is plausible on its face" and the factual allegations included "must be enough to raise a right to relief above the speculative level."    March 27, 2025, Order (Doc. 13), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

While the Court must take as true all allegations of material fact and construe them in the light most favorable to Watkins, *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003), the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

IV. *Notice to Defendants as to Alleged Actors*

The Court also advised Watkins the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardue*, 551 U.S. 89, 93 (2007), *quoting Twombly*, 550 U.S. 544, 555 (2007).    Watkins properly states Defendant as McDonough/Collins or the SVA.  While she also named Dycus, Thompson, and  Landwehr as Defendants, the SAC only includes a mention of Thompson's response to an inquiry regarding disparate work assignments in the factual allegations., The SAC does not name/specify any other actors.  The Court's prior Order also stated:

> In other words, Watkins may not simply reference other documents in a complaint and expect the Court and other parties to search for facts that may support her claim(s); a complaint itself must set forth sufficient facts that serves to put defendant(s) on notice as to the nature and basis of the claim(s).
>
> * * * * *
>
> Any Second Amended Complaint filed by Watkins must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or the complete Amended Complaint by reference.

March 27, 2025, Order (Doc. 13, pp. 9, 15).  Although prior filings by Watkins named specific actors, the Court does not consider these allegations in screening the SAC.  Rather,

1    the Court will consider if Watkins has stated sufficient facts, without identifying specific

2    actors, to "give the defendant fair notice of what the . . . claim is and the grounds upon which

3    it rests." *Erickson*, 551 U.S. at 93 (2007); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S.

4    506, 515 (2002), *quoting Twombly*, 550 U.S. at 570 (a complaint need not plead a prima facie

5    case of discrimination, but a plaintiff must plead "enough facts to state a claim to relief that

6    is plausible on its face"); *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

7

8    **IV.** *Discrimination Pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e
     to 2000e-17 (race, color, gender)) and the Age Discrimination in Employment Act (29 U.S.C.*
9    *§§ 621, et seq.)*

10          Under the Civil Rights Act, it is unlawful for an employer "to discharge any

11   individual, or otherwise to discriminate against any individual with respect to his

12   compensation, terms, conditions, or privileges of employment, because of such individual's

13   race, color, religion, sex, or national origin[.]" 42 U.S.C.A. § 2000e-2. Watkins must allege:

14   (1) she belongs to a class of persons protected by Title VII; (2) she performed her job

15   satisfactorily; (3) she suffered an adverse employment action; and (4) Defendant employer

16   treated Watkins differently than a similarly situated employee who does not belong to the

17   same protected class as Watkins. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018,

18   1028 (9th Cir. 2006); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280-81 (9th

19   Cir. 2000) (similar elements as to age discrimination). When a complaint does not plead a

20   prima facie case for discrimination, courts may still look to those elements "to decide, in light

21   of judicial experience and common sense, whether the challenged complaint contains

22   sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

23   face." *Fitch v. San Francisco Unified Sch. Dist.*, 2015 WL 6551668, at *5 (N.D. Cal. Oct.

24   29, 2015), *quoting Achal v. Gate Gourmet, Inc.*, 2015 WL 4274990, at *7 (N.D. Cal. July 14,

25   2015); *see also Swierkiewicz*, 534 U.S. at 515.

26          As Watkins alleges she is an African-American black female, who was born in 1956,

27   she has alleged she is in a protected class. The Court accepts Watkins claims as seeking to

28

                                           - 7 -

1  state discrimination based on race, sex, and age, but not color.  *See Walker v. Sec'y of*

2  *Treasury, I.R.S.*, 713 F. Supp. 403, 406 (N.D. Ga. 1989), *aff'd*, 953 F.2d 650 (11th Cir. 1992).

3       Additionally, Watkins has alleged she was completing the job requirements and was

4  subject to disparate treatment.  For example, she alleges she received a "needs improvement"

5  rating when she had a volume of 6923 in 12 months, while a white female was given a

6  "satisfactory" rating with a volume of 3953 in the same time period.  In other words, Watkins

7  has alleged she performed her job satisfactorily and the SVA treated her differently than a

8  similarly situated employee who did not belong to the same protected class (race) as Watkins.

9  However, Watkins has not alleged a similarly situated male or younger employee was treated

10 different.  Watkins has also alleged she suffered adverse employment actions:  failure to

11 promote for a requirement not included on the Vacancy Announcement and despite the fact

12 she met the requirement as a noncritical portion of a previous job.  Watkins also alleges she

13 received disparate treatment (training and work assignments).

14      Although Watkins' SAC does not specify the individuals who completed her

15 performance evaluation and rejected her for a promotion, Watkins has named Dycus,

16 Thompson, and Landwehr as supervisory personnel.  The Court finds it likely Watkin's

17 allegations provide sufficient notice to Defendants as Watkins has alleged specific dates of

18 discrimination; further, details regarding supervisors/co-workers are routinely included in

19 written records.  The Court finds Watkins has adequately alleged a discrimination claim

20 based on race and the SVA will be required to answer this claim.  However, the Court finds

21 Watkins has failed to adequately allege sex discrimination and age discrimination and will

22 dismiss these claims.

23

24 V.  *Discrimination Pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§*
   *12112 to 12117)*

25

26      The Americans with Disabilities Act ("ADA") prohibits discrimination against "a

27 qualified individual on the basis of disability in regard to job application procedures, the

28 hiring, advancement, or discharge of employees, employee compensation, job training, and

other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  To allege a prima facie employment termination case under the ADA, Watkins must state (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of her job either with or without reasonable accommodation, and; (3) she was terminated or subjected to an adverse employment action because of her disability.[2] *Kenney v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996); *see also Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003).

Watkins alleges she suffers from arthritis and her SAC alleges her request for an ergonomic evaluation was ignored; this resulted in severe neck and shoulder damage. Although not specifically alleged, a reasonable inference that Watkins was qualified to perform the essential functions of her job is raised by her "volume" exceeding the volume of a comparable employee.  Further, Watkins has alleged adverse employment consequences: denial of promotion, denial of time off for medical needs, refusal of alternate schedule to accommodate medical treatment, and disparate treatment.

Again, Watkins does not specifically allege which other employees acted in the alleged discrimination.  However, the Court recognizes Watkins has alleged specific dates of discrimination and has named Dycus, Thompson, and  Landwehr in the SAC.  The Court finds Watkin's allegations provide sufficient notice to Defendants as details regarding supervisors/co-workers are routinely included in written records.  The Court finds Watkins has adequately alleged a discrimination claim based on disability and the SVA will be required to answer this claim.

---

[2]The ADA defines a "qualified individual" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Further, a disability, with respect to an individual, means: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

1    VI.  *Retaliation*

2          An employer is prohibited from "discriminat[ing] against any of [its] employees . . .

3    because he has opposed any practice made an unlawful employment practice by this

4    subchapter, or because he has made a charge, testified, assisted, or participated in any manner

5    in an investigation, proceeding, or hearing under this subchapter.." 42 U.S.C. § 2000e–3(a).

6    Title VII retaliation claims "require the plaintiff to prove that the employer acted with

7    conscious intent to discriminate." *McDonnell Douglas Corp. V. Green*, 411 U.S. 792, 805-06

8    (1973); *see also Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir.1987), *citing Ruggles v.*

9    *Cal. Polytechnic State Univ.*, 797 F.2d 782, 784 (9th Cir.1986)) (The *McDonnell Douglas*

10   framework and allocation of proof that governs disparate treatment claims also governs

11   retaliation claims.).  Alternate to the *McDonnell Douglas* burden shifting framework, a

12   plaintiff may proceed with "direct or circumstantial evidence demonstrating that a

13   discriminatory reason more likely than not motivated the employer." *Surrell v. California*

14   *Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008), *citations omitted*.

15          To state a *prima facie* case of retaliation, Watkins must allege:  (1) she engaged in a

16   protected activity; (2) her employer subjected her to an adverse employment action; and (3)

17   a "causal link exists between the protected activity and the adverse action." *Manatt v. Bank*

18   *of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003), *internal quotation marks and citation omitted*.

19          Watkins' SAC alleges she requested an ergonomic evaluation.  Indeed, Watkins

20   alleges the SVA not only ignored problems of employee accommodations, but also threats

21   of physical violence, implying she complained of such actions.  The SAC also implies

22   Watkins complained of a disparate performance evaluation and alleges she complained of

23   disparate work assignments. While Watkins also alleges she filed a charge with the Equal

24   Employment Opportunity Commission or her Equal Employment Opportunity counselor, she

25   alleges the date of this charge was September 12, 2020, after the specific alleged dates of

26   discrimination.  However, she also alleges the SVA is "still committing [the] acts against

27   [her]." SAC (Doc. 14, p. 4).  Although Watkins includes a Notice to Employees with her

28

1    SAC, there are no allegations that this posting was in response to charges made by Watkins.

2    The SAC also alleges a variety of acts that may be considered retaliatory: issuing

3    unfair performance evaluation, failing to promote, ignoring request for ergonomic evaluation,

4    denial of overtime; disparate training and treatment; and denial of alternative work schedule

5    requested for shoulder treatment.  However, the SAC is devoid of any allegation stating or

6    implying these acts were caused by retaliation.  Further, the SAC fails to provide sufficient

7    detail to raise an inference of temporal proximity between the protected conduct and alleged

8    retaliation.  *Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 751 (9th Cir. 2010)

9    (proximity in time may support an inference of retaliation); *Manatt v. Bank of America*, 339

10   F.3d 792, 802 (9th Cir. 2003) (rejecting causation when approximately one year had elapsed).

11   The Court finds Watkins has failed to adequately allege causation as to these alleged

12   retaliatory acts.

13   However, the SAC also alleges the official time record and creation of false

14   documents were falsified "to distort facts."  SAC (Doc. 14, p. 5).  The Court finds this

15   allegation implies retaliation; the Court finds Watkins has stated a claim for retaliation.

16

17   VII. *Fair Labor Standards Act (29 U.S. Code §§ 201-219)*

18   Watkins alleges her personnel file was lost or delayed being provided.  Indeed, the

19   "FLSA requires employers to "make, keep, and preserve" accurate employment records.  29

20   U.S.C. § 211(c); *see e.g.  Newton v. Parker Drilling Mgmt. Servs., Ltd.*, 860 F. App'x 536,

21   537 (9th Cir. 2021) (employer bears the burden of maintaining the records); *Williams v.*

22   *Tri–County Growers, Inc.*, 747 F.2d 121, 128 (3d Cir.1984) (explaining that § 11(c) "requires

23   employers to maintain accurate records to ensure that all workers are paid the minimum wage

24   for every hour worked"), *abrogated on other grounds*, *Pullman–Standard v. Swint*, 456 U.S.

25   273, 287 (1982); 29 C.F.R. §§ 516.2(a)(7)-(9).

26   However, numerous courts have determined the FLSA does not create a private right

27   of action to enforce the FLSA's record-keeping requirements.  *Elwell v. Univ. Hosps. Home*

28

1   *Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) ("authority to enforce the FLSA's

2   recordkeeping provisions is vested exclusively with the Secretary of Labor"); *Powell v.*

3   *Florida*, 132 F.3d 677, 678 (11th Cir. 1998) (holding that the plain language of the Act

4   provides that the Secretary has exclusive authority to bring actions for injunctive relief);

5   *Petty v. Russell Cellular, Inc.*, 2014 WL 340417, at *1 (S.D. Ohio Jan. 30, 2014) (collecting

6   cases holding that the FLSA does not authorize employee suits for violation of § 211(c)'s

7   record-keeping requirements); *East v. Bullock's Inc.*, 34 F. Supp. 2d 1176, 1183 (D. Ariz.

8   1998) (concluding that there is no private right of action to enforce the FLSA's recordkeeping

9   requirements and collecting cases).

10       Because the FLSA does not provide Watkins with a private right of action for

11   statutory record-keeping violations, the Court finds Watkins has failed to state an FLSA

12   claim on this basis. *See East*, 34 F. Supp. 2d at 1182-83 (rejecting the plaintiff's argument

13   that the district court could grant declaratory relief based on the employer's alleged violations

14   of the FLSA's record-keeping requirements and denying the plaintiff's motion for summary

15   judgment based on that alleged violation). However, the Court recognizes evidence of

16   record-keeping violations may affect Watkins' claim regarding falsification of her payroll

17   records:

18       If an employer has not maintained accurate payroll records, the burden then shifts to
         the employer to show the precise number of hours worked or to present evidence
19       sufficient to negate the reasonableness of the inference to be drawn from the
         employees' evidence.
20
21   *Letrich v. Arizona Wholesale Cleaners LLC*, No. CV-13-01639-PHX-BSB, 2015 WL

22   12669892, at *6 (D. Ariz. Aug. 13, 2015), *citing Anderson v. Mt. Clemens Pottery Co.*, 328

23   U.S. 680, 686-88 (1946).

24       Indeed, Watkins alleges her official timecard was falsified and her personnel file was

25   lost or delayed.[3] She also alleges changes were made to submitted information to create false

26   _____

27       [3]Watkins alleges Defendant delayed in providing requested "[d]iscovery information
     and the falsification of and delay in return of [her] official personnel file, thereby delaying
28   accurate calculation of [her] annuity." SAC (Doc. 14, p. 6).

narratives; this allegation appears to be referring to the alleged falsification of her official timecard.  "It is axiomatic, under the FLSA, that employers must pay employees for all 'hours worked.'  *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005), *citing* 29 U.S.C. §§ 206, 207 (1999), *Turner v. City of Philadelphia*, 262 F.3d 222, 224 (3d Cir. 2001); *Donovan v. White Beauty View, Inc.*, 556 F.Supp. 414, 416–17 (M.D.Pa.1982) (holding that employer violated FLSA by falsifying records in order to reduce employees' hours worked).

When an employee is not paid all of his or her minimum wages and/or overtime compensation, the employee may bring suit to collect the outstanding amount and to collect an additional, equivalent amount in liquidated damages. 29 U.S.C. § 216(b). "In a suit brought under the FLSA, the employee has the burden of proving that the employee was not properly compensated for work performed." *Imada v. City of Hercules*, 138 F.3d 1294, 1296 (9th Cir.1998).  To state a wage or overtime violation, Watkins must allege:  (1) she was an employee of Defendant, (2) she was covered under the FLSA, and (3) Defendant failed to pay her . . . wages." *Prakash Jones v. Morris + D'Angelo*, No. 5:23-CV-05830-BLF, 2024 WL 4428980, at *5 (N.D. Cal. Oct. 4, 2024), *quoting Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020).

The Court finds Watkins has stated an FLSA wage claim upon which relief may be granted.


VIII.   *Intentional Infliction of Emotional Distress*

Watkins purports to state a claim for intentional infliction of emotional distress. However, Title VII is the "exclusive, pre-emptive administrative and judicial scheme [available] for the redress of federal employment discrimination." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976).  The Ninth Circuit has permitted Title VII remedies to be "supplemented by state law tort claims when the alleged violations have gone beyond discrimination in the workplace and involve physical or emotional injuries that are highly

personal." *Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001). Such "highly personal" injuries have included rape, sexual assault, and stalking. *Id*. at 711-12. Some courts have determined that claims for negligent or intentional infliction of emotional distress are preempted by Title VII, to the extent the claims arise out of the same allegations as the Title VII claims. *See, e.g., Mathis v. Henderson*, 243 F.3d 446, 450-51 (8th Cir. 2001); *McCowen v. Dep't of Veterans Affs.*, 2021 WL 764137, *2 (S.D. Cal. 2021); *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016). The Court finds Watkins' allegations do not constitute highly personal injuries and do arise out of the same allegations as the discrimination claims.

Moreover, it "is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Durand v. City of Phoenix*, 271 F. App'x 645, 646–47 (9th Cir. 2008), *citing Mintz v. Bell Atlantic Sys. Leasing Intern., Inc.*, 905 P.2d 559, 563 (Ariz. 1995). Lastly, the alleged conduct in this case is not nearly as outrageous as other cases in which intentional infliction of emotional distress claims are alleged in an employment race discrimination context. *Lockamy v. Truesdale*, 182 F. Supp. 2d 26 (D.D.C. 2001) (plaintiff alleged the supervisor sabotaged and unfairly scrutinized his work, denied him the opportunity to work overtime, told him that he could not address Caucasian employees by their first names, told him that he could not speak to certain African-American employees, cursed at him, and told him that he could not use a typewriter that others in his department could use).

The Court finds Watkins has failed to state an intentional infliction of emotional distress claim upon which relief can be granted.


IX.  *Service of Process vs. Amended Complaint*

The Court has found Watkins has adequately alleged claims for discrimination and retaliation based on race and disability, as well as Watkins' FLSA claim based on wage

violations, but has inadequately alleged the claims for discrimination based on sex and age, the FLSA claim based on inadequate record-keeping, and the intentional infliction of emotional distress claim.   However, the Court recognizes Watkins included additional/alternate allegations in prior complaints (e.g., specific actors, date of EEOC complaint, timeline details regarding retaliation).  Watkins may be able to adequately allege additional claims in a more thorough Third Amended Complaint.

Watkins, therefore, may arrange for service of the SAC upon the SVA in compliance with Fed.R.Civ.P. 4.  Alternatively, Watkins may choose to submit a Third Amended Complaint.  Such Third Amended Complaint would be subject to screening by the Court.

Watkins should take notice that if she fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.  *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (District Court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

Accordingly, IT IS ORDERED:

1.     Douglas A. Collins, the current Secretary of Veterans Affairs, is substituted for Denis McDonough, as Defendant.

2.     The claims against Dycus, Thompson, and Landwehr are DISMISSED WITHOUT LEAVE TO AMEND..

3.     The FLSA claim based on inadequate record-keeping and the intentional infliction of emotional distress claim are DISMISSED WITHOUT LEAVE TO AMEND.

4.     The claims for discrimination based on sex and age are DISMISSED WITH LEAVE TO AMEND.

5.     Watkins SHALL HAVE thirty (30) days from the date of filing of this Order to file a Third Amended Complaint.[4]  All causes of action alleged in the SAC which are not

---

[4]*See* Complaint forms for use and/or guidance, https://www.uscourts.gov/forms-rules/forms/civil-pro-se-forms;   https://www.uscourts.gov/forms-rules/forms/complaint-

1  alleged in any Third Amended Complaint will be waived. Any Third Amended Complaint

2  filed by Watkins must be retyped or rewritten in its entirety and may not incorporate any part

3  of prior complaints by reference. Any Third Amended Complaint submitted by Watkins shall

4  be clearly designated as a Third Amended Complaint on the face of the document.

5       6.    As an alternative to the deadline for the filing of a Third Amended Complaint

6  (if Watkins decides not to file a Third Amended Complaint), Watkins shall arrange for

7  service of the SAC and a copy of this Order upon Defendant Douglas A Collins, Secretary

8  of Veterans Affairs within sixty (60) days from the date of filing of this Order. *See*

9  Fed.R.Civ.P. 4 and 4(i). Failure to timely complete service may result in dismissal of this

10  action.

11       7.    In the event Watkins does not file a Third Amended Complaint and completes

12  service upon the SVA, Defendant SVA must answer Watkins's claims for discrimination and

13  retaliation based on race and disability, as well as Watkins' FLSA claim based on wage

14  violations.

15       8.    Watkins shall include a copy of this Order with service of the Summons and

16  SAC upon the SVA. If Watkins does not either obtain a waiver of service of the summons

17  or complete service of the Summons, SAC, and this Order on the SVA within 60 days of the

18  filing of this Order, the action may be dismissed.    Fed.R.Civ.P. 4(m); LRCiv

19  16.2(b)(2)(B)(ii).

20       9.    The SVA must answer the relevant portions of the Second Amended Complaint

21  or otherwise respond by appropriate motion within the time provided by the applicable

22  provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

23       10.    A clear, legible copy of every pleading or other document filed SHALL

24  ACCOMPANY each original pleading or other document filed with the Clerk for use by the

25  District Judge to whom the case is assigned. *See* L.R.Civ. 5.4; *see also* ECF Administrative

26  Policies and Procedures Manual § II.D.3. **Failure to submit a copy along with the original**

27  _____

28  employment-discrimination.

**pleading or document will result in the pleading or document being stricken without**

**further notice.**

11.    At all times during the pendency of this action, Watkins shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS".  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Plaintiff shall serve a copy of the Notice of Change of Address on all served opposing parties.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 8th day of August, 2025.

Cindy K. Jorgenson
United States District Judge