**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gaye Nell Watkins,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Douglas A. Collins, Secretary of Veterans Affairs,<br><br>　　　　Defendant. | No. CIV 24-126-TUC-CKJ<br><br>**ORDER** |

On August 8, 2025, this Court screened the Second Amended Complaint ("SAC") (Doc. 14) filed by Plaintiff Gaye Nell Watkins ("Watkins"). The Court dismissed without leave to amend the FLSA claim based on inadequate record-keeping and the intentional infliction of emotional distress claim, as well as the claims against Mark Dycus, Laurie Thompson, and Katie Landwehr. The Court dismissed with leave to amend the claims for discrimination based on sex and age. Alternatively, the Court advised Watkins she could proceed with the claims for which she had stated a claim upon which relief could be granted: discrimination and retaliation based on race and disability, as well as Watkins' FLSA claim based on wage violations.

The screening order advised Watkins:

> All causes of action alleged in the SAC which are not alleged in any Third Amended Complaint will be waived. Any Third Amended Complaint filed by Watkins must be retyped or rewritten in its entirety and may not incorporate any part of prior complaints by reference.

August 8, 2025 (Doc. 15, pp. 15-16). Further, in a prior Order, the Court stated:

> In other words, Watkins may not simply reference other documents in a complaint and expect the Court and other parties to search for facts that may support her claim(s);

a complaint itself must set forth sufficient facts that serves to put defendant(s) on notice as to the nature and basis of the claim(s).

March 27, 2025, Order (Doc. 13, p. 9). Watkins has filed a Third Amended Complaint (Doc. 16). Watkins' TAC is two pages, with a 64 page attachment. Watkins states:

> The court has accepted the claim of discrimination based on race, but dismissed the claim of sex and age with leave to amend. The claim of sex and age are amended as follows: The following incidents stated from original complaint show disparate treatment, and retaliation by agency removal from and denial of further overtime[.]

TAC (Doc. 16, p. 1).

Watkins' TAC does not allege the claims from the SAC which had stated claims upon which relief could be granted and only summarily seeks to state sex and age discrimination claims based on disparate treatment and retaliation. In other words, the "causes of action alleged in the SAC" upon which the Court determined had stated a claim upon which relief could be granted "are not alleged in [the TAC]" and are apparently waived. Aug. 8, 2025, Order (Doc. 15, pp. 15-16).[1] Further, the TAC is not "retyped or rewritten in its entirety" and appears to "incorporate [parts] of prior complaints by reference." *Id*. Watkins has not complied with the rules governing complaints or the Court's prior Orders. As discussed herein, the Court will dismiss the TAC with leave to amend and afford Watkins one last opportunity to submit a compliant Fourth Amended Complaint.

In prior Orders, the Court thoroughly discussed the requirements of a complaint as well as the claims Watkins purports to allege. Indeed, the Court discussed the reasons for dismissal so Watkins could make an intelligent decision whether to file amended complaints. *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987). The Court will not repeat those discussions herein.

The TAC does not set forth sufficient facts that serves to put defendant on notice as to the nature and basis of the claims Watkins apparently seeks to state and the Court will dismiss it with leave to amend. Specifically, Watkins is advised that any Fourth Amended

---

[1] In that Order, the Court also stated, "Generally speaking, the Court determined Watkins had stated claims, but failed to name any Defendant." Aug. 8, 2025, Order (Doc. 15, p. 15). Yet, Watkins' TAC does not repeat those claims.

Complaint must adequately state each claim with sufficient factual support that relief could be granted as to each claim Watkins seeks to allege, without relying on prior pleadings.

Accordingly, IT IS ORDERED:

1. The Third Amended Complaint is DISMISSED WITH LEAVE TO AMEND.

2. Watkins SHALL HAVE thirty (30) days from the date of filing of this Order to file a Fourth Amended Complaint.[2] All causes of action alleged in prior complaints which are not alleged in any Fourth Amended Complaint will be waived. Any Fourth Amended Complaint filed by Watkins must be retyped or rewritten in its entirety and may not incorporate any part of prior complaints by reference. Any Fourth Amended Complaint submitted by Watkins shall be clearly designated as a Fourth Amended Complaint on the face of the document.

DATED this 11th day of September, 2025.

_____
Cindy K. Jorgenson
United States District Judge

---

[2] *See* Complaint forms for use and/or guidance, https://www.uscourts.gov/forms-rules/forms/civil-pro-se-forms; https://www.uscourts.gov/forms-rules/forms/complaint-employment-discrimination.