**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Gaye Nell Watkins, )
　　　　　Plaintiff, )
v. ) No. CIV 24-126-TUC-CKJ
Douglas A. Collins, Secretary of ) **ORDER**
Veterans Affairs, )
　　　　　Defendant. )
_____)

On September 11, 2025, this Court dismissed with leave to amend the Third Amended Complaint submitted by Plaintiff Gaye Nell Watkins ("Watkins"). Watkins has filed a Fourth Amended Complaint ("FAC") (Doc. 14) against Defendant Douglas A. Collins, Secretary of Veterans Affairs ("the SVA").

I. *Fourth Amended Complaint and Factual Summary*

Watkins purports to state discrimination claims pursuant to Title VII of the Civil Rights Act (42 U.S.C. §§ 2000e to 2000e-17 (race, color, sex)), the Age Discrimination in Employment Act (29 U.S.C. §§ 621 to 634), Americans with Disabilities Act (42 U.S.C. §§ 12112 to 12117) (arthritis, PTSD),[1] and the Fair Labor Standards Act (29 U.S. Code §§ 201-219),[2] with the discriminatory conduct being termination of her employment, failure to

---

[1] Watkins did not check the box of the form complaint for a disability discrimination claim. However, her FAC elsewhere makes clear she is seeking to state such a claim.

[2] The FAC refers to 29 U.S.C. § 204(f). Although this statute generally addresses the employees of the Library of Congress and the administration of provisions by the Office of

promote her, failure to accommodate her disability, unequal terms and conditions of her employment, retaliation, and loss and withholding of her official personnel file. Watkins alleges the discriminatory conduct occurred between May 2019 through May 2020, but also asserts the SVA continues to engage in discriminatory conduct. Watkins alleges she filed a charge with an Equal Employment Opportunity Commission or counselor in September 2020.

Additionally, Watkins alleges the SVA inflicted emotional distress on Watkins by its violation of Equal Employment Opportunity Commission rules regarding:

> 1. Intentional Disparate Treatment in training and work assignment/Disparate Impact, Gaye was given lower rating than a white female with lower producticity numbers. 2. Avoidance (failure to respond to request for Ergonomic Evaluation) which led to shoulder injury. 3. False accusation, Multiple episodes of Retaliation with Falsification of Official Documentation. 4. Additionally, the agency violated FLSA rules by falsification of official timecard (Cont'd w/copy of EEOC complaint and 11/30/23, Decision Letter. attached).

FAC (Doc. 18, p. 5). Watkins continues the statement of claim:

> E. (Cont'd) The toxic environment of disparate training and work assignments continued after filing of complaint with the VA Office of Resolution Management, and their ignoring of the retaliation, led personal physician to put Plaintiff on leave with instructions to find new employ, as stress and anxiety were lowering immune system during the Covid 19 Pandemic. Examples of disparities:
>
> 1. Performance Ratings – Defendant rated Needs Improvement with a producticity of 6923 White Female rated Fully Successful with productivity of 3953 for same period.
>
> 2. Overtime Denial – Defendant removed from overtime (after being audited and approved) without explanation, after asking for assistance in scenario where coworker was threatening physical assault for asking questions
>
> 3. Avoidance – Plaintiff request for Ergonomic Evaluation was ignored and when injury required substantial physical therapy, Plaintiff's Alternative Work Request was denied, requiring use of leave. Other employees were granted Alternate Work Hours for reasons such as: Helping parents move or because she preferred those hours and requested the schedule.
>
> 4. Retaliation – Included creating fake metrics documents, that agency claimed does not exist when agency denied Plaintiff's Discovery Request. Making False Statements on Motion For A Decision without a Hearing and Falsifying Official Time Record.

---

Personnel Management, the statute also states: "Nothing in this subsection shall be construed to affect the right of an employee to bring an action for unpaid minimum wages, or unpaid overtime compensation, and liquidated damages under section 216(b) of this title." The Court interprets the FAC as seeking to state a wage claim pursuant to 29 U.S.C. § 216(b).

FAC, Att. (Doc. 18-1, ECF p. 1 of 10).

The FAC also includes a November 20, 2023, EEOC Final Decision and Order Granting Agency's Motions for Decision Without a Hearing and related procedural documents. FAC, Att. (Doc. 18-1, ECF pp. 2-10).

Watkins seeks compensatory damages for physical, mental/emotional, and financial injuries.

II. *Requirements of Complaint; Allegations Stating Claims on Which Relief May be Granted*

The Court has previously advised Watkins a "complaint is to contain a 'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" March 27, 2025, Order (Doc. 13), *quoting* Fed.R.Civ.P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s). Failure to name potential defendants or sufficient facts to advise a defendant of the claim(s) may result in no claim(s) being presented against a defendant.

The Court's March 27, 2025, Order also advised Watkins a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and the factual allegations included "must be enough to raise a right to relief above the speculative level." March 27, 2025, Order (Doc. 13), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

While the Court must take as true all allegations of material fact and construe them in the light most favorable to Watkins, *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003), the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

- 3 -

III. *Sufficient Notice to Defendant as to Alleged Actors*

The Court previously advised Watkins the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardue*, 551 U.S. 89, 93 (2007), *quoting Twombly*, 550 U.S. 544, 555 (2007). Watkins properly alleges the SVA as Defendant for the federal claims. However, she does not allege any specific actors or any specific defendants as to a possible negligent or intentional infliction of emotional distress claim. The Court will consider if Watkins has stated sufficient facts, without identifying specific actors, to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (2007); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002), *quoting Twombly*, 550 U.S. at 570 (a complaint need not plead a prima facie case of discrimination, but a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009); *see also* Fed.R.Civ.P. 12(e) (motion for more definite statement).

IV. *Discrimination Pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender)) and the Age Discrimination in Employment Act (29 U.S.C. §§ 621, et seq.)*

Under the Civil Rights Act, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C.A. § 2000e-2. Watkins must allege: (1) she belongs to a class of persons protected by Title VII; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) defendant employer treated Watkins differently than a similarly situated employee who does not belong to the same protected class as Watkins. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280-81 (9th

Cir. 2000) (similar elements as to age discrimination). When a complaint does not plead a prima facie case for discrimination, courts may still look to those elements "to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Fitch v. San Francisco Unified Sch. Dist.*, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015), *quoting Achal v. Gate Gourmet, Inc.*, 2015 WL 4274990, at *7 (N.D. Cal. July 14, 2015); *see also Swierkiewicz*, 534 U.S. at 515.

As Watkins alleges she is an African-American black female, who was born in 1956, she has alleged she is in a protected class. The Court accepts Watkins claims as seeking to state discrimination based on race, sex, and age, but not color. *See Walker v. Sec'y of Treasury, I.R.S.*, 713 F. Supp. 403, 406 (N.D. Ga. 1989), *aff'd*, 953 F.2d 650 (11th Cir. 1992).

Watkins has alleged she was completing the job requirements and was subject to disparate treatment. For example, she alleges she received a "needs improvement" rating when she had a volume of 6923 in 12 months, while a white female was given a "satisfactory" rating with a volume of 3953 in the same time period. In other words, Watkins has alleged she performed her job satisfactorily and the SVA treated her differently than a similarly situated employee who did not belong to the same protected class (race) as Watkins. However, to the extent Watkins alleges disparate treatment in training and work assignments, she provides no factual allegations in support of these assertions. Further, Watkins has not alleged a similarly situated male or younger employee was treated different.

Although Watkins' FAC does not specify the individuals who completed her performance evaluation and rejected her for a promotion, the Court finds it likely Watkin's allegations provide sufficient notice to Defendants as Watkins has alleged a specific date range of discrimination; further, details regarding supervisors/co-workers are routinely included in written records.[3] The Court finds Watkins has adequately alleged a

---

[3] In the event the allegations do not provide sufficient notice to the SVA, the SVA will be able to move to dismiss or move for a more definite statement. *See* Fed.R.Civ.P. 12.

- 5 -

discrimination claim based on race and the SVA will be required to answer this claim. However, the Court finds Watkins has failed to adequately allege sex discrimination and age discrimination and will dismiss these claims. Further, as Watkins has been afforded multiple opportunities to present her claims, these claims will be dismissed without leave to amend.

V. *Discrimination Pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12112 to 12117)*

The Americans with Disabilities Act ("ADA") prohibits discrimination against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  To allege a prima facie employment disparate treatment case under the ADA, Watkins must state (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of her job either with or without reasonable accommodation, and; (3) she was terminated or subjected to an adverse employment action because of her disability.[4] *Kenney v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996); *see also Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003).

Watkins alleges she suffers from arthritis and PTSD and her FAC alleges her request for an ergonomic evaluation was ignored and:

> when injury required substantial physical therapy, Plaintiff's Alternative Work Request was denied, requiring use of leave.  Other employees were granted Alternate Work Hours for reasons such as:  Helping parents move or because she preferred those hours and requested the schedule.

---

[4]The ADA defines a "qualified individual" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Further, a disability, with respect to an individual, means: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

FAC Att. (Doc. 18-1, ECF p. 1 of 10).  Although not specifically alleged, a reasonable inference that Watkins was qualified to perform the essential functions of her job is raised by her "volume" exceeding the volume of a comparable employee.  Further, Watkins has alleged adverse employment consequences:  denial of promotion, denial of time off for medical needs, refusal of alternate schedule to accommodate medical treatment, and disparate treatment.

Watkins may also be alleging discrimination based on a failure to accommodate her disability.  As summarized by another district court:

> To state a claim for failure to accommodate under the ADA, a plaintiff must allege (1) she is disabled; (2) she is qualified; (3) she requested accommodation; (4) the employer knew of the requested accommodation; and (5) the employer failed to reasonably accommodate plaintiff's disability.

*Chapman v. Nevada Dep't of Transportation*, No. 3:25-CV-00061-ART-CLB, 2025 WL 854753, at *1 (D. Nev. Mar. 18, 2025), *citing Sanders v. Arneson*, 91 F.3d 1351, 1353 (9th Cir. 1996); *see also Moore v. Equity Residential Mgmt., L.L.C.*, No. 16-CV-07204-MEJ, 2017 WL 2670257, at *3 (N.D. Cal. June 21, 2017).  Watkins alleges she requested a specific accommodation (ergonomic evaluation) which was ignored by the SVA to the extent Watkins suffered a shoulder injury.

Again, Watkins does not specifically allege which other employees acted in the alleged discrimination and failure to accommodate.  However, the Court recognizes Watkins has alleged a specific date range of discrimination/failure to accommodate in the FAC.  The Court finds Watkin's allegations provide sufficient notice to Defendants as details regarding supervisors/co-workers are routinely included in written records.[5]  The Court finds Watkins has adequately alleged discrimination claims based on disability and a failure to accommodate; the SVA will be required to answer these claims.

. . . . .

---

[5]In the event the allegations do not provide sufficient notice to the SVA, the SVA will be able to seek dismissal or move for a more definite statement.  *See* Fed.R.Civ.P. 12.

- 7 -

VI. *Retaliation*

An employer is prohibited from "discriminat[ing] against any of [its] employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.." 42 U.S.C. § 2000e–3(a). Title VII retaliation claims "require the plaintiff to prove that the employer acted with conscious intent to discriminate." *McDonnell Douglas Corp. V. Green*, 411 U.S. 792, 805-06 (1973); *see also Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir.1987), *citing Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782, 784 (9th Cir.1986)) (The *McDonnell Douglas* framework and allocation of proof that governs disparate treatment claims also governs retaliation claims.). Alternate to the *McDonnell Douglas* burden shifting framework, a plaintiff may proceed with "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008), *citations omitted*.

To state a *prima facie* case of retaliation, Watkins must allege: (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) a "causal link exists between the protected activity and the adverse action." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003), *internal quotation marks and citation omitted*.

Watkins' FAC alleges she requested an ergonomic evaluation and filed a complaint with the Office of Resolution Management. She alleges "[t]he toxic environment of disparate training and work assignments continued after filing of complaint with the VA Office of Resolution Management, and their ignoring of the retaliation[.]" FAC Att. (Doc. 18-1, ECF p. 1 of 10). Watkins states the retaliation "[i]ncluded creating fake metrics documents, that agency claimed does not exist when agency denied Plaintiff's Discovery Request. Making False Statements on Motion For A Decision without a Hearing and Falsifying Official Time Record. *Id*. Watkins does not allege when these acts occurred, but to the extent they occurred in relation to the complaint to the Office of Resolution

1  Management and/or an Equal Employment Opportunity Commission or counselor, they
2  necessarily occurred after the complaints. This raises a reasonable inference of temporal
3  proximity between the protected conduct of the complaints and alleged retaliation. *See*
4  *generally Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 751 (9th Cir. 2010)
5  (proximity in time may support an inference of retaliation); *Manatt v. Bank of America*, 339
6  F.3d 792, 802 (9th Cir. 2003) (rejecting causation when approximately one year had elapsed).
7  The Court finds Watkins has adequately alleged a claim of retaliation based on the protected
8  activity of submitting a complaint to the Office of Resolution Management and/or an Equal
9  Employment Opportunity Commission or counselor.

10  As to Watkins' allegation of retaliation based on her request for an ergonomic
11  evaluation, her allegations do not specify which adverse actions occurred after her request
12  for an evaluation. However, the alleged facts, including the date range of the discrimination
13  raise a reasonable inference adverse actions (e.g., failure to promote, disparate training,
14  treatment, work assignments) were caused by retaliation. Additionally, the FAC provides
15  sufficient detail to raise an inference of temporal proximity between the protected conduct
16  and alleged retaliation. The Court finds Watkins has adequately allege causation as to the
17  protected activity of seeking relief/accommodation based on the alleged disability. The
18  Court finds Watkins has sufficiently alleged a claim for retaliation based on her request for
19  an ergonomic evaluation upon which relief can be granted.

20  The SVA will be required to respond to these claims.

22  VII. *Fair Labor Standards Act (29 U.S. Code §§ 201-219)*

23  Watkins alleges the SVA falsified her timecard. Indeed, the "FLSA requires
24  employers to "make, keep, and preserve" accurate employment records. 29 U.S.C. § 211(c);
25  *see e.g. Newton v. Parker Drilling Mgmt. Servs., Ltd.*, 860 F. App'x 536, 537 (9th Cir. 2021)
26  (employer bears the burden of maintaining the records); *Williams v. Tri–County Growers,*
27  *Inc.*, 747 F.2d 121, 128 (3d Cir.1984) (explaining that § 11(c) "requires employers to

maintain accurate records to ensure that all workers are paid the minimum wage for every hour worked"), *abrogated on other grounds*, *Pullman–Standard v. Swint*, 456 U.S. 273, 287 (1982); 29 C.F.R. §§ 516.2(a)(7)-(9).

However, numerous courts have determined the FLSA does not create a private right of action to enforce the FLSA's record-keeping requirements. *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) ("authority to enforce the FLSA's recordkeeping provisions is vested exclusively with the Secretary of Labor"); *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir. 1998) (holding that the plain language of the Act provides that the Secretary has exclusive authority to bring actions for injunctive relief); *Petty v. Russell Cellular, Inc.*, 2014 WL 340417, at *1 (S.D. Ohio Jan. 30, 2014) (collecting cases holding that the FLSA does not authorize employee suits for violation of § 211(c)'s record-keeping requirements); *East v. Bullock's Inc.*, 34 F. Supp. 2d 1176, 1183 (D. Ariz. 1998) (concluding that there is no private right of action to enforce the FLSA's recordkeeping requirements and collecting cases).

Because the FLSA does not provide Watkins with a private right of action for statutory record-keeping violations, the Court finds Watkins has failed to state an FLSA claim on this basis. *See East*, 34 F. Supp. 2d at 1182-83 (rejecting the plaintiff's argument that the district court could grant declaratory relief based on the employer's alleged violations of the FLSA's record-keeping requirements and denying the plaintiff's motion for summary judgment based on that alleged violation). The Court will dismiss this claim without leave to amend.

When an employee is not paid all of his or her minimum wages and/or overtime compensation, the employee may bring suit to collect the outstanding amount and to collect an additional, equivalent amount in liquidated damages. 29 U.S.C. § 216(b). "In a suit brought under the FLSA, the employee has the burden of proving that the employee was not properly compensated for work performed." *Imada v. City of Hercules*, 138 F.3d 1294, 1296 (9th Cir.1998). To state a wage or overtime violation, Watkins must allege: (1) she was an

employee of Defendant, (2) she was covered under the FLSA, and (3) Defendant failed to pay her . . . wages." *Prakash Jones v. Morris + D'Angelo*, No. 5:23-CV-05830-BLF, 2024 WL 4428980, at *5 (N.D. Cal. Oct. 4, 2024), *quoting Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020).

Although the FAC states the SVA falsified her timecard, Watkins does not allege the SVA failed to pay her for hours worked. *See e.g.*, *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005), *citing* 29 U.S.C. §§ 206, 207 (1999), *Turner v. City of Philadelphia*, 262 F.3d 222, 224 (3d Cir. 2001) ("It is axiomatic, under the FLSA, that employers must pay employees for all 'hours worked.'"); *Donovan v. White Beauty View, Inc.*, 556 F.Supp. 414, 416–17 (M.D.Pa.1982) (holding that employer violated FLSA by falsifying records in order to reduce employees' hours worked). Moreover, Watkins has delineated her damages, FAC (Doc. 18, p. 6), but does not allege any amount that represents a demand for damages for unpaid wages. The Court finds Watkins has failed to stated an FLSA wage claim upon which relief may be granted. The Court will dismiss this claim. Again, as Watkins has been afforded multiple opportunities to state this claim, the dismissal will be without leave to amend.

VIII.   *Infliction of Emotional Distress*

Watkins purports to state a claim for infliction of emotional distress. However, Title VII is the "exclusive, pre-emptive administrative and judicial scheme [available] for the redress of federal employment discrimination." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976). The Ninth Circuit has permitted Title VII remedies to be "supplemented by state law tort claims when the alleged violations have gone beyond discrimination in the workplace and involve physical or emotional injuries that are highly personal." *Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001). Such "highly personal" injuries have included rape, sexual assault, and stalking. *Id*. at 711-12. Some courts have determined that claims for negligent or intentional infliction of emotional distress are preempted by Title VII,

- 11 -

to the extent the claims arise out of the same allegations as the Title VII claims. *See, e.g., Mathis v. Henderson*, 243 F.3d 446, 450-51 (8th Cir. 2001); *McCowen v. Dep't of Veterans Affs.*, 2021 WL 764137, *2 (S.D. Cal. 2021); *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016). The Court finds Watkins' allegations do not constitute highly personal injuries and do arise out of the same allegations as the discrimination claims.

Moreover, to state a tort claim against the federal government, the claim must be pursuant to the Federal Tort Claims Act ("FTCA"). The only proper defendant for an FTCA claim is the United States, rather than an agency or employee. *See Gambel v. United States*, No. 22-CV-04647-RMI, 2024 WL 714300, at *5 (N.D. Cal. Feb. 21, 2024) *citing Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (affirming dismissal of an agency and an individual since "the United States is the only proper party defendant in an FTCA action"). Lastly, there is no indication that Watkins presented this claim to the SVA. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), *quoting* 28 U.S.C. § 2675(a) (to bring a claim under the FTCA, a plaintiff must "have first presented the claim to the appropriate Federal agency").

The Court finds Watkins has failed to state an infliction of emotional distress claim upon which relief can be granted. As Watkins has been afforded multiple opportunities to state a claim for emotional distress, the Court will dismiss this claim without leave to amend

IX. *Conclusion*

The Court has found Watkins has adequately alleged claims for discrimination based on race and disability (including failure to accommodate). The Court has also found Watkins has adequately alleged retaliation claims. Watkins will be provided time to complete service of the Fourth Amended Complaint, a Summons, and a copy of this Order upon the SVA.[6] Upon sufficient service of process, the SVA will be required to answer or otherwise respond

---

[6] *See* Fed.R.Civ.P. 4, which discusses, *inter alia*, content and service of a Summons, waiver of a Summons, method of service, and possible extensions of time to complete service.

to these claims.

However, the Court finds Watkins has failed to state claims upon which can be granted as to the claims for discrimination based on color, sex and age, the FLSA claims, and the infliction of emotional distress claim. The Court will dismiss these claims without leave to amend.

Watkins should take notice that if she fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Rule 41(b), Fed.R.Civ.P. *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (District Court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

Accordingly, IT IS ORDERED:

1. The discrimination claims based on color, sex, and age are DISMISSED WITHOUT LEAVE TO AMEND.

2. The FLSA claims are DISMISSED WITHOUT LEAVE TO AMEND.

3. The tort claims (negligent and/or intentional infliction of emotional distress) are DISMISSED WITHOUT LEAVE TO AMEND.

4. Watkins shall arrange for service of the FAC and a copy of this Order upon Defendant Douglas A Collins, Secretary of Veterans Affairs within sixty (60) days from the date of filing of this Order. *See* Fed.R.Civ.P. 4 and 4(i); *see also* Fed.R.Civ.P. 4(c). Failure to timely complete service may result in dismissal of this action. *See* Fed.R.Civ.P. 4(m).

5. Defendant SVA must answer Watkins's claims for discrimination based on race and disability, Watkins' claim for failure to accommodate a disability, and Watkins' retaliation claims.

6. Watkins shall include a copy of this Order with service of the Summons and FAC upon the SVA. If Watkins does not either obtain a waiver of service of the summons or complete service of the Summons, FAC, and this Order on the SVA within 60 days of the filing of this Order, the action may be dismissed. Fed.R.Civ.P. 4(m); LRCiv

16.2(b)(2)(B)(ii).

7. The SVA must answer the relevant portions of the Fourth Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

8. A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned. *See* L.R.Civ. 5.4; *see also* ECF Administrative Policies and Procedures Manual § II.D.3. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice.**

9. At all times during the pendency of this action, Watkins shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS". The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Plaintiff shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 24th day of October, 2025.

_____
Cindy K. Jorgenson
United States District Judge